Fink v. State, 173 Wis. 264.

FINK, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 17, 1920—January 11, 1921.*

*Adultery: Evidence: Sufficiency: Letter received by woman from person other than defendant: Collateral matters: Use of assumed name by defendant: Criminal law: Instructions: Appeal.*

1. In a prosecution for adultery, the evidence is *held* sufficient to support a conviction, although there was no direct corroborative evidence of intercourse, where there was corroboration of the opportunity therefor and of the parties being together at the times claimed.
2. Where there was evidence which, if believed, would support a conviction, and the trial court sustained the finding of the jury, this court cannot say that the jury erred in believing the evidence, and a conviction will not be set aside.
3. The exclusion of an obscene letter received by prosecutrix from a young man stating his desire to have intercourse with her, which at most merely raised a suspicion that her testimony that she first had intercourse with defendant was false, was within the discretion of the trial court.
4. Where prosecutrix testified that defendant told her she could write to him under another name, the reception of the postmaster's testimony that defendant received mail under such name was not prejudicial, though it related to a collateral issue, the parties being allowed to go into the matter as fully as they desired.
5. Though the evidence as to the offense was principally direct, the giving of an instruction which was correct as to the law where the evidence was wholly circumstantial was not prejudicial to the defendant, the charge as a whole being as favorable to him as the facts warranted, and the instruction also correctly stating the rule applicable where there is direct evidence of the offense.

ERROR to review a judgment of the circuit court for Pierce county: JAMES O'NEILL, Judge. *Affirmed.*

*John E. Foley* of Ellsworth, for the plaintiff in error.

For the defendant in error there was a brief by *W. G. Haddow,* district attorney, and the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

Fink v. State, 173 Wis. 264.

. VINJE, J.   Defendant, a married man aged thirty-four years, was convicted of the crime of adultery with an unmarried woman, Clara Hansen, aged about sixteen, who worked for him demonstrating pianos.   She testifies to a number of acts of sexual intercourse with him, fixing the time and place, one at a club house on their return from a trip out into the country, one at the office, and one at defendant's home when his wife was away, and to quite a number more at his house without being able to fix the time. It is true there is no direct corroborative evidence of actual intercourse between them, but there is corroboration of the opportunity therefor and of their having been at the office and house at the time claimed.   We are strongly urged to set aside the conviction because of failure of adequate proof of guilt.   A careful reading of the record convinces us that the evidence of the state, if believed, is sufficient to sustain the conviction.   The jury believed it, and we cannot say upon the record that they erred in so doing, especially since their finding was sustained by the trial court.   To set out the evidence sustaining the conviction would only incumber the Reports with matter that is better left unpublished.

A number of procedural errors claimed to be prejudicial are also urged as ground for reversal.   Some of these will be noticed.

Clara testified that the first time she had sexual intercourse with a man was with defendant July 30, 1919.   To dispute such statement the defendant offered in evidence a letter received by her previous to that time from a young man in which he expresses, among other things, a desire to have sexual intercourse with her.   The whole letter is an obscene one.   The court refused to receive it in evidence and this is alleged to be prejudicial error.   It clearly appeared in evidence that Clara was a wayward girl who evinced a desire to lead a fast life.   Considerable evidence to show such fact was received by the trial court.   There is nothing in the letter offered to show that improper relations had been indulged in between Clara and the writer

previous to the writing of the letter or subsequent thereto, though it appeared in evidence that Clara had replied to the letter. Clara was not directly responsible for the contents of the letter. Of course her conduct may have invited it, but of her attitude on that subject there was ample proof. If she had sexual intercourse with the defendant, the fact that she previously had it with others would not excuse his offense, though, as urged by his counsel, it would not charge him with her first lapse from virtue. Since the offered letter would at most only raise a suspicion or guess that her statement that her first act of intercourse was with defendant was not true, we think the trial court properly refused to receive it. At best it was a collateral issue not determinative of the ultimate fact in issue, and it was within the discretion of the trial court to refuse to pursue that line of inquiry further.

Clara testified that defendant told her the night in the office when she informed him that she was going to leave home that she could write him addressing letters to L. H. Akron. He denied having so told her. To corroborate Clara and dispute defendant the state called Sanderson, the postmaster, who testified that the defendant received mail under the name of L. H. Akron. The reception of the postmaster's testimony is claimed to be prejudicial error. The evidence related to a collateral issue, but no prejudice resulted from its reception. Both parties were allowed and did go into it as fully as they desired.

A number of exceptions are taken to the judge's charge to the jury, but none of them are deemed well taken. The charge of the judge taken as a whole was as favorable to the defendant as the facts warranted. True, it contained some expressions as to what the law was in cases where the evidence was wholly circumstantial, but it also correctly stated the law of the case at bar where there was direct evidence of the offense. It would be better practice to limit instructions to the law applicable to the facts in the case, but

we are confident the jury was not misled by the superfluous charge as to the probative force of circumstantial evidence alone.

*By the Court.*—Judgment affirmed.